

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2009

# USA v. Shamel Shabazz

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Shamel Shabazz" (2009). *2009 Decisions.* Paper 1743.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1743

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1069

———————

UNITED STATES OF AMERICA,

v.

SHAMEL SHABAZZ,

Appellant.

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 07-cr-00369)
District Judge:  Hon. R. Barclay Surrick

———————

Submitted under Third Circuit LAR 34.1(a)
on February 3, 2009

Before:  RENDELL, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed March 13, 2009 )

**ROTH**, <u>Circuit Judge</u>:

Shamel Shabazz appeals the sentence he received for violating 18 U.S.C. § 2113(d) (bank robbery). Shabazz argues his 120-month sentence was procedurally unreasonable because the District Court departed upward two criminal history categories and two offense levels without applying the ratcheting procedure. He additionally argues the sentence was substantively unreasonable. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we will affirm the District Court's judgment in this matter.[1]

Shabazz suggests the District Court's upward departure from a criminal history category IV to category VI was procedurally improper because the court did not apply the ratcheting procedure. Ratcheting requires the court to proceed sequentially through the criminal history categories and "not move to the next category until it has found that a

_____

[1] We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *See United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008); *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence "will be upheld as reasonable if the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

prior category still fails adequately to reflect the seriousness of the defendant's history." *United States v. Cicirello*, 301 F.3d 135, 145 (3d Cir. 2002). The ratcheting procedure "does not require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects." *United States v. Harris*, 44 F.3d 1206, 1212 (3d Cir. 1995). The District Court's reasons for rejecting each lesser category must "be clear from the record as a whole." *Harris*, 44 F.3d at 1212.

The District Court properly applied the ratcheting procedure required to grant an upward departure. The court found a criminal history category of IV did not adequately reflect the seriousness of Shabazz's criminal. In making this assessment, the court examined the nature and number of Shabazz's prior convictions and considered the fact that twelve of his eighteen convictions were not included in his criminal history score because of the age of the convictions. Acknowledging Shabazz's drug and alcohol abuse problems, the court highlighted the fact that from the age of eighteen until his current age, fifty-two, Shabazz had engaged in criminal conduct on a regular basis. The court also took into account the effect the bank robbery had on the bank teller who testified at the sentencing hearing to suffering lasting effects from her encounter with Shabazz. Collectively, the District Court's reasons for rejecting categories IV and V are clear from the record, and Shabazz's claim that the court improperly applied the ratcheting procedure must fail.

3

Next, Shabazz contends the District Court procedurally erred by departing upward two criminal offense levels, from level twenty-two to twenty-four, without applying the ratcheting procedure. This argument fails because the court applied an upward variance not an upward departure. Such a variance does not require ratcheting but rather an analysis of the sentencing factors outlined in 18 U.S.C. § 3553(a). The factors the Court considered were (1) Shabazz's history and characteristics, (2) the nature and circumstances of the offense and the need to reflect the seriousness of the offense, (3) the need to protect the public from further crimes, (4) the need to afford adequate deterrence to criminal conduct, and (5) the need to provide Shabazz with substance abuse treatment. Accordingly, the District Court did not err by applying an upward variance based on these factors.

Shabazz finally argues his sentence is substantively unreasonable because the District Court departed upward from a criminal history category of VI, which is only appropriate in "egregious" circumstances. This argument fails because, as stated previously, the court did not depart upward from category VI. The court properly deviated from the Guidelines using a variance. The sentence will be deemed reasonable if the District Court has "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007) (quoting *Rita v. United States,* 127 S. Ct. 2456, 2468 (2007)). As discussed above, the

4

District Court appropriately evaluated the § 3553(a) factors and provided an adequate explanation of the sentence on the record.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.